IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-01283-CMA-CBS

KASSI GARNER,

    Plaintiff,

v.

ALOISIA VAKI, an individual,
CORPORATION OF THE PRESIDING BISHOPRIC OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation, and
CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation registered to do business in Colorado,

    Defendants.

**ORDER OF REMAND**

This matter is before the Court *sua sponte*. For the following reasons, the Court concludes that Defendants have not established subject matter jurisdiction. As such, the Court REMANDS this case to the District Court, El Paso County, Colorado, for further proceedings.

Plaintiff filed a Complaint in Colorado State Court on March 21, 2011. (Doc. # 1-1.) Defendants filed a Notice of Removal on May 13, 2011. (Doc. # 1.) Defendants removed the lawsuit to this Court pursuant to 28 U.S.C. § 1332, which provides for diversity jurisdiction.

Section 1332(a) sets forth two requirements for diversity jurisdiction. Those requirements are: (1) an "amount in controversy [that] exceeds the sum or value of

$75,000 exclusive of interest and costs" and (2) diversity of citizenship between the parties.  28 U.S.C. § 1332(a).

The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  A removing defendant must prove jurisdictional facts by a "preponderance of the evidence" that the amount in controversy may exceed $75,000.  *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).  Such proof may arise in a variety of ways, *see id.* at 954, but conclusory assertions or outright speculation do not suffice.  *Tafoya v. American Family Mut. Ins. Co.*, No. 08-cv-01656, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) (unpublished).

Defendants assert that the amount in controversy exceeds $75,000.  In this case, Plaintiff has not identified a specific amount of damages beyond a Civil Cover Sheet filed by Plaintiff with his Complaint, which includes a checkmarked box indicating that Plaintiff is seeking a monetary judgment for more than $100,000.00 against Defendants. (Doc. # 1-2.)   This Court has previously addressed the evidentiary value, or lack thereof, of the state court Civil Cover Sheet in *Tejada v. Allstate Fire & Cas. Ins. Co.*, No. 09-cv-02096, 2009 WL 2958727, at *1 (D. Colo. Sept. 10, 2009).  557 F. Supp. 2d 1208 (D. Colo. 2007).  *Tejada* found that "the Colorado Civil Cover Sheet, by itself, does not establish the requisite amount in controversy to sustain diversity jurisdiction."  *Id.* (citing *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007).

In the Complaint, Plaintiff brings a claim pursuant to C.R.S. § 10-3-1116, which allows a Plaintiff "whose claim has been unreasonably delayed or denied" to "recover reasonable attorney fees and court costs and two times the covered benefit."  Upon

2

information and belief, Defendants assert that the benefit amounts at issue, without interest or doubling, are $25.398.88.  (Doc. # 1 at 3.)  However, to recover under § 10-3-1116, a Plaintiff must be a "first-party claimant."  A first-party claimant means "an individual . . . asserting an entitlement to benefits owed directly to or on behalf of an insured under an insurance policy."  C.R.S. § 10-3-1115(b).  It does **not** include "[a] person asserting a claim against an insured under a liability policy."  *Id.* (emphasis added).  Therefore, Plaintiff does not appear to be a first-party claimant and only $25,398.88 appears to be at stake.

Defendants also notes that Plaintiff seeks damages for "pain and suffering, emotional distress, aggravation, annoyance, inconvenience, and discomfort."  (Doc. # 1 at 3.)   However, there is no evidence that the value of this action would exceed the amount in controversy requirement of $75,000.   Any attempt by this Court to guess at the potential amount of damages would simply be guesswork and, thus, amount to improper speculation.  *See Tafoya*, 2009 WL 211661, at *2.  Thus, the Court concludes that Defendant's Notice of Removal does not establish the requisite jurisdictional amount by a preponderance of the evidence.

Accordingly, this action is REMANDED to the District Court, El Paso County, Colorado, for further proceedings.

DATED:  June __21__, 2011        BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

3